By the Court.
The relator is the widow of Fred M. Gilder, who was an employe of The Cleveland, Southwestern & Columbus Railway Company. While in the course of his employment Gilder received an injury which caused his death.
The petition sets out the incorporation of the railivay company and avers that it is conducting business in interstate and intrastate commerce by railroad, and particularly in and through the city of Elyria, Lorain county, Ohio; that the company conducts a business as a common carrier of package freight over its line of railroad, under the name and style of The Electric Package Agency, and maintains depots and equipments in the conduct of the business; that the decedent was employed by said company in a separate, distinct and indepéndent business from that of commerce by railroad, to-wit, in the business of conveying by *501 horse and wagon from homes and places of business in Elyria packages to its depot to be shipped over the railroad; and that while in the course of that employment Gilder received the injury from which he died. The petition sets out the names and ages of children, who, with the widow, were dependent upon the deceased for support, and also shows that the railway company had not in any way complied with the Workmen’s Compensation Láw of Ohio at the time of the injury, and that the company failed and refused to pay the relator and others dependent on decedent any compensation whatever on account of his death. Relator avers that she duly filed with the Industrial Commission of Ohio an application for compensation, which the commission, after hearing, denied, upon the ground that the employer at the time of the injury was engaged in interstate commerce within the meaning of Section 51 of the Workmen’s Compensation Act; and that an application for rehearing was likewise denied and her application for compensation dismissed.
Relator further avers that the death of her husband ensued from the injury as stated, but that the commission has failed and refuses to hear and determine her application for compensation in like manner as in other claims before said commission, and has failed and refuses to ascertain and determine the amount of compensation due her as provided in Section 27 of the Workmen’s Compensation Act. The petition prays for a writ of mandamus commanding the commission to hear and determine her application for compensation in like *502 manner as in other claims, as provided in Section 27 of said act.
The case is heard on demurrer to the petition.
It will be observed that the petition discloses that the relator duly presented her claim to the Industrial Commission, which, after “being fully informed of all the facts,” denied the claim of the applicant for compensation. Section 43 of the. Workmen’s Compensation Act, now Section 1465-90, General Code, contains the following provision: “The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decision thereon shall be final.”
The succeeding portions of Section 43, as in effect at the time of the filing of the claim with the commission by Mrs. Gilder, provided that if the final action of the board denied the right of the claimant to participate at all in the fund, on any ground going to the basis of the claimant’s right, the claimant should have the right of appeal to the court of common pleas in the manner laid down in the section.
It is conceded that the applicant, Mrs. Gilder, did appeal to the court of common pleas, and that that court sustained the demurrer to her petition on appeal, and dismissed the appeal on the ground that at the time the relator’s husband received his injury the statute did not grant any right of appeal for employes (or their dependents) whose employers had not complied with the provisions of the Workmen’s Compensation Act. That judgment was affirmed in error proceedings by the court of *503 appeals and by this court (99 Ohio St., 446.) Since that time the legislature has amended Section 1465-90, General Code (107 O. L., 162), expressly granting the right of appeal in cases such as this. The employer not having complied with any of the provisions of the Workmen’s Compensation Act, the claimant under Section 26 of that act was entitled to bring a civil action against the employer for damages sustained, in which case the employer would have been denied the defenses which are referred to in that section. From the allegations of this petition it appears that the commission on consideration of all the facts alleged in the petition in this case denied the claim of the plaintiff and dismissed her application.
It is too well settled to require the citation of authority that where a public officer in the performance of a public duty is required to use official judgment and discretion, his exercise of them, in the. absence of fraud, bad faith, or abuse of discretion, will not be controlled by mandamus. Before the writ will issue the relator must show a clear right to it. Where an official or a board refuses to perform a duty or exercise a discretion vested in it by law, mandamus may be invoked to require the performance of the duty, or the exercise of such discretion.
In this case the board proceeded regularly with the consideration of the application for compensation filed with it by the relator, after having been fully informed of all the facts now set out in the petition, and its decision is final on that application. Therefore the question as to whether the deceased *504 was engaged in interstate or intrastate commerce is not important in this case; but if the railroad company had established and put in operation such a subordinate part of its work in the city of Elyria as to clearly separate and distinguish it from the interstate or foreign commerce of the railway company, in accordance with the provisions of Section 51 of the act, it would be necessary for the petition to show that the company and Gilder accepted the provisions of the Workmen’s Compensation Act by filing the written acceptances referred to in Section 51 itself. This conclusion necessarily follows from the allegations of the petition itself, that decedent was employed by the Railway Company which was engaged in interstate and intrastate commerce. The employer was the Railway Company, the Package Agency was incidental.
The concluding sentence of Section 51 of the act reads: “Payment of premium shall be on the basis of the payroll of the workmen who accept as aforesaid.” From this it is seen that an interstate carrier and its employes who have brought themselves within the other provisions of Section 51 of the act receive the benefits of other employes and employers because of the acceptance and payment of the premium stated. Without such acceptance there is no basis upon which to proceed with the determination of the amount to be allowed.
For these reasons the demurrer will be sustained and the petition dismissed.

Writ denied.

Jones, Matthias, Johnson, Donahue and Robinson, JJ., concur.